IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE: )
 ) CASE NO. 307-01428
RICHARD ALLEN KELL, JR., )
 ) CHAPTER 7
Debtor. )
 ) JUDGE MARIAN F. HARRISON
 )

_____

**MEMORANDUM OPINION**
_____

This matter is before the Court upon the Chapter 7 Trustee's motion to dismiss the above-styled case. The debtor opposes the motion. For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the Chapter 7 Trustee's motion to dismiss should be denied.

**I. BACKGROUND**

A voluntary petition under Chapter 7 was electronically filed on behalf of the debtor on February 28, 2007. At a Meeting of Creditors, held on April 2, 2007, the debtor stated that he had not signed any paperwork at his attorney's office prior to the filing of the petition. Based on the debtor's statements, the Chapter 7 Trustee filed a motion to dismiss

the case, asserting that the debtor violated Fed. R. Bankr. P. 1008. The debtor objected to the motion to dismiss, attaching an affidavit stating the following:

> 1. I am the debtor in Case No. 07-01428, which was filed in the Middle District of Tennessee on February 28, 2007.
>
> 2. The petition filed in this case was prepared according to information I personally provided to my attorney.
>
> 3. Although I did not physically sign the petition prior to filing, I did in fact authorize the filing of the petition. I reviewed the contents of the petition in my attorney's office and verified that all of the information contained therein was true and correct.
>
> 4. I did in fact authorize my attorney to sign my name electronically to all pertinent parts of the petition and related documents.

## II. **DISCUSSION**

Pursuant to Fed. R. Bankr. P. 1008, "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified *or* contain an unsworn declaration as provided in 28 U.S.C. § 1746." (Emphasis added). Moreover, the official bankruptcy forms, as authorized by Fed. R. Bankr. P. 9009, provide that debtors affix their signature to the petition, declaring, under penalty of perjury, as to the veracity of the information contained in the petition and setting forth that relief is requested under the Bankruptcy Code.

The issue here is how these Rules are to be interpreted in light of electronic filing. Pursuant to Fed. R. Bankr. P. 5005(a)(2), bankruptcy courts are authorized to "permit or require documents to be filed, signed, or verified by electronic means," and pursuant to Fed.

2 - U.S. Bankruptcy Court, M.D. Tenn.

R. Bankr. P. 9029, bankruptcy courts can adopt procedures and protocols for the administrative handling of the electronically filed documents. On August 19, 2004, the District Court for the Middle District of Tennessee entered an Order amending LBR 9029-1 to authorize the bankruptcy judges in this District to make and amend such procedures. On October 4, 2004, the bankruptcy court implemented Case Management/Electronic Case Filing ("CM/ECF"). Effective on that date, all filings (with a few exceptions) had to be in compliance with the Administrative Procedures for Electronic Case Filing (hereinafter "ECF Procedures"). The form of electronic signatures is set forth in ECF Procedure 6(c):

> **(1) Required Information for Filers and Users.** A document transmitted to ECF shall include a signature block setting forth the Filer's or User's name, address, voice phone number, fax phone number, e-mail address and firm affiliation (if applicable), preceded by a signature line on which is typed "/s/ [Filer's or User's name]." This signature block should be located where the Filer's or User's signature would normally appear in a signed document. Scanned, graphic, imaged or embedded signatures for Filers or Users are not permitted.
>
> **(2) Required Information for Other Entities.** A document transmitted to ECF containing signatures for entities who are not Filers or Users shall either (a) show each signature as it appears in the original signed document, or (b) bear a signature line on which is typed "/s/ [name of signing entity]" located where the signature would normally appear in a signed document, accompanied by the signature block information stated in subsection (c)(1) above.
>
> **(3) Attorney/Party Signatures.** A document containing signatures of more than one entity or counsel shall contain the signature block information recited in subsections (c)(1) and/or (c)(2) above for each signing attorney or party. The Filer or User who transmits the document to ECF, certifies, consistent with subparagraph (b) above, that all required signatures or consents have been obtained.

Case 3:07-bk-01428   Doc 17   Filed 08/29/07   Entered 08/29/07 15:34:16   Desc Main
Document      Page 3 of 6

Furthermore, ECF Procedure 6(b) states that electronic filing constitutes certification:

> The transmission by a Filer or User to ECF of any document constitutes certification by the Filer or User that all persons represented to have signed the document have actually signed the document or authorized their signatures to be affixed to the document prior to electronic filing with the court.

In other words, by electronically transmitting a bankruptcy petition with the debtor's electronic signature, counsel has certified that the debtor either signed or authorized his signature to be affixed to the petition prior to electronic filing.

In reading the Bankruptcy Rules of Procedure, the official forms, and ECF Procedures together, the Court does not find a technical requirement that the debtor physically sign a bankruptcy petition prior to it being electronically filed or that the debtor be physically present when the bankruptcy petition is electronically filed. ***Compare In re Koliba***, 338 B.R. 39, 42 (Bankr. N.D. Ohio 2006) (Northern District of Ohio's Administrative Procedure Manual for ECF requires that debtor physically sign petition prior to electronic submission and that such signed document be maintained for a period of one year commencing from the time the case is administratively closed). Here, the debtor's affidavit, which was undisputed, states that the debtor personally provided the information in the petition, reviewed the contents of the petition, and verified that all the information was true and correct. Based on the Court's reading of the Bankruptcy Rules, the official forms, and ECF Procedures for this District, the Court finds that the debtor's electronic signature was sufficient. While it might

Case 3:07-bk-01428    Doc 17    Filed 08/29/07    Entered 08/29/07 15:34:16    Desc Main
Document      Page 4 of 6

be advisable for attorneys to have their clients sign a physical document prior to electronic transmittal, there is no such requirement in this District.

Even if this Court were to find that the debtor's electronic signature was insufficient, dismissal may not be the appropriate remedy. *See In re Koliba*, 338 B.R. at 44 (dismissal for failure to sign petition "would be highly inappropriate, as a matter of discretion").

Pursuant to 11 U.S.C. § 707(a), the Court may dismiss a case for cause after notice and a hearing. Cause is not a defined term in the Code, but the party seeking dismissal bears the burden to demonstrate cause for the dismissal. *Sicherman v. Cohara (In re Cohara)*, 324 B.R. 24, 27-28 (B.A.P. 6th Cir. 2005). A component of showing cause requires that the dismissal not prejudice unsecured creditors. *Id.* Here, the Trustee did not argue nor present any proof that dismissal would be in the best interest of unsecured creditors.

Moreover, there is no proof that the debtor's case should be dismissed pursuant to 11 U.S.C. § 707(b)(1), which allows the Court to dismiss a case filed by an individual debtor whose debts are primarily consumer debts if the granting of relief would be an abuse of the provisions of Chapter 7. In considering "whether the granting of relief would be an abuse of the provisions of this chapter . . . the court shall consider (A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." 11 U.S.C. § 707(b)(3). In the present case, there has been

no proof or allegations that the debtor filed his petition in bad faith or that his situation demonstrates any abuse of the system.

Accordingly, even if the debtor technically failed to comply with the Bankruptcy Rules or ECF Procedures, dismissal would not be a suitable remedy under the circumstances of this case.

### III. CONCLUSION

Based on the Court's review of the pleadings, the arguments of counsel, and the relevant case law, the Court finds that the Trustee's motion to dismiss should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**